THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TYRONE EDDIE McCRAY**                                                                 **PETITIONER**
Reg. #27549-009

v.                          Case No. 4:19-cv-000746-KGB-JTK

**UNITED STATES OF AMERICA**                                                            **RESPONDENT**

## ORDER

Before the Court are the Findings and Recommendation submitted by United States Magistrate Judge Jerome T. Kearney on March 19, 2020 (Dkt. No. 11). Petitioner Tyrone Eddie McCray filed objections in response (Dkt. No. 12). After careful review of the Findings and Recommendation and Mr. McCray's objections, as well as a *de novo* review of the record, the Court adopts the Findings and Recommendation as its findings in all respects (Dkt. No. 11).

### I.   Background

On November 21, 2013, Mr. McCray appeared before United States District Judge J. Leon Holmes and pleaded guilty to knowingly and intentionally possessing with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, a violation of 21 U.S.C. § 841(a)(1),(b)(1)(B), and being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g) (Dkt. No. 11, at 1). *See United States v. McCray*, No. 4:13-cr-00068-7 JLH (E.D. Ark), Dkt. Nos. 181, 182. On April 14, 2014, the Court ordered Mr. McCray to serve 200 months on the drug offense and 120 months on the firearm offense, to run concurrently for a total sentence of 200 months in the custody of the Federal Bureau of Prisons ("BOP") (Dkt. No. 11, at 2).

On June 7, 2017, Mr. McCray filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (*Id.*). Mr. McCray challenged his trial attorney's representation in connection with the guilty plea and sentence (*Id.*). Judge Holmes denied the motion because it

was barred by limitations and later denied a motion for reconsideration (*Id.*).  Mr. McCray sought a certificate of appealability, but the Eighth Circuit Court of Appeals denied his request on August 8, 2018 (*Id.*).  By October 2019, the BOP had designated the United States Penitentiary in Lee County, Virginia, for Mr. McCray's imprisonment (*Id.*).

Mr. McCray then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).  In his petition, Mr. McCray maintains that his guilty plea was not knowingly entered, specifically alleging that his plea agreement was invalid in the light of *Rehaif v. United States*, — U.S. —, 139 S. Ct. 2191 (2019), which held that, to convict a defendant of violating 18 U.S.C. § 922(g), the government must show not only that the defendant knew he possessed a firearm but also that he knew he had the relevant status when he possessed it (Dkt. No. 1, at 2).  Mr. McCray asserts that the district court failed to inform him of that element of the offense (*Id.*, at 2-3).  Based on the exchange between Mr. McCray and the district court, Mr. McCray states that he did not understand the nature of the facts in relation to that element (*Id.*, at 3).  Mr. McCray argues that the district court assumed that he was fully aware of the nature of the charges and that his guilty plea was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense (*Id.*, at 3-4).  Mr. McCray also argues in his petition that he should receive the benefit of the "savings clause" in 28 U.S.C. § 2255, thereby allowing him to bring his petition pursuant to 28 U.S.C. § 2241 (*Id.*, at 4-6).

The United States of America ("United States") thereafter filed a response raising several arguments:  (1) if Mr. McCray's petition is construed as brought pursuant to 28 U.S.C. § 2241, the district court lacks personal jurisdiction because Mr. McCray was incarcerated in Virginia at the time he filed; (2) if Mr. McCray's petition is construed as brought pursuant to 28 U.S.C. § 2255, relief under that section is not "inadequate or ineffective," and the "savings clause" does not apply;

(3) if Mr. McCray's petition is construed as brought pursuant to 28 U.S.C. § 2255, Mr. McCray did not obtain prior to filing permission from the Eighth Circuit Court of Appeals to file a second or successive motion; and (4) if the district court considers Mr. McCray's claim, his claim should fail because it was procedurally defaulted and because he could not establish the requisite cause and actual prejudice or that he was actually innocent so as to overcome his procedural default (Dkt. No. 6).

Judge Kearney construes Mr. McCray's petition as a petition pursuant to 28 U.S.C. § 2255. "A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A showing that § 2255 would be "inadequate or ineffective"—required by the "savings clause" of § 2255(e)—is a "difficult one to make." *See Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019). Judge Kearney notes that Mr. McCray does not challenge the execution of the sentence imposed in his case or the way the sentence is being administered by the BOP; instead, Mr. McCray challenges his guilty plea (Dkt. No. 11, at 6-7). Mr. McCray has already prosecuted one § 2255 motion to a final resolution and has neither requested nor obtained authorization to file a second or successive § 2255 motion (*Id.*, at 7). Accordingly, Mr. McCray's petition cannot be entertained unless he can show that the remedy afforded by § 2255 is "inadequate or ineffective," thereby allowing him to bring his petition pursuant to § 2241 (*Id.*). Judge Kearney's analysis finds that Mr. McCray cannot make such a showing (*Id.*, at 7-9).

Based on this record, Judge Kearney recommends dismissing Mr. McCray's petition for writ of habeas corpus for lack of subject matter jurisdiction, denying all requested relief, and entering judgment in favor of the United States (Dkt. No. 11, at 10). Judge Kearney recommends

dismissal without prejudice so that Mr. McCray might file with the Eighth Circuit a request to proceed with a second or successive motion pursuant to 28 U.S.C. § 2255 (*Id.*).

## II. Objections

The Court writes separately to address Mr. McCray's objections (Dkt. No. 12). Mr. McCray raises four objections: (1) 28 U.S.C. § 2255 is "inadequate and ineffective" because Mr. McCray's confinement is in violation of the Constitution or laws of the United States; (2) the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, did not amend the "safety-valve" clause that refers to the power of the federal courts to grant writs of habeas corpus pursuant to 28 U.S.C. § 2241; (3) Mr. McCray's conviction is invalid due to the Supreme Court's ruling in *Rehaif*, meaning that his conviction and sentence result in a "complete miscarriage of justice," represent a "fundamental defect," and create an "exceptional circumstance" justifying the granting of his writ; and (4) respondent incorrectly asserts that Mr. McCray failed to include an argument (*Id.*). Based on these objections, Mr. McCray asserts that he should be afforded the opportunity to challenge the legality of his detention as provided in the "savings clause" of 28 U.S.C. § 2255(e) (*Id.*). The Findings and Recommendation entered by Judge Kearney already address Mr. McCray's first and third objections; this Court adopts the Findings and Recommendation as its own. Mr. McCray's remaining objections have no bearing on the Findings and Recommendation, as the Court understands the objections. Accordingly, the Court overrules all of Mr. McCray's objections to the Findings and Recommendation (Dkt. No. 12).

## III. Conclusion

It is therefore ordered that:

1. The Court adopts in its entirety the Findings and Recommendation submitted by United States Magistrate Judge Jerome T. Kearny (Dkt. No. 11);

2. The Court denies Mr. McCray's 28 U.S.C. § 2255 petition for writ of habeas corpus without prejudice, and the relief requested is denied (Dkt. No. 1);

3. The Court overrules Mr. McCray's objections (Dkt. No. 12); and

4. Mr. McCray may file a request to proceed with a second or successive § 2255 motion with the Eighth Circuit Court of Appeals.

It is so ordered this 21st day of January, 2021.

Kristine G. Baker
United States District Judge